Request of House of Representatives
No. 6643

OPINION OF THE JUSTICES

April 24, 1973

The following request of the house of representatives for an opinion of the justices was adopted on March 29, 1973, and filed in this court on March 30, 1973:

"WHEREAS, H. B. 704 is pending before this legislature and said bill would establish a non-partisan ballot procedure for the election of delegates to the constitutional convention; and

"WHEREAS, a question has been raised concerning the constitutionality of said bill in view of the provisions of Articles 99, and 100 Part 2 of the constitution of the State of New Hampshire which provides that delegates to a constitutional convention shall be chosen 'in the same manner, . . . as the representatives to the general court'; and

"WHEREAS, representatives to the general court are chosen by the so-called Australian ballot system or party system;

"NOW THEREFORE BE IT

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law;

"Would any constitutional provision be violated by the passage of House Bill 704 which provides for a non-partisan ballot to be used for the election of delegates to the constitutional convention in place of an Australian ballot with party designations?

"BE IT FURTHER

"RESOLVED, that the Speaker transmit seven copies of this resolution and of House Bill 704 to the clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The justices of the supreme court return the following answer to the question relative to House bill 704 submitted by your resolution adopted March 29, 1973, and filed with the court on March 30, 1973. The resolution refers specifically to N.H. CONST. pt. II, arts. 99 and 100, and seeks our opinion on the following question: "Would any constitutional provision be violated by the passage of House bill 704 which provides for a nonpartisan ballot to be used for the election

of delegates to the constitutional convention in place of an Australian ballot with party designations?"

Article 99 provides in pertinent part that delegates to a constitutional convention, called by the general court as therein provided, are "to be chosen in the same manner, and proportioned, as the representatives to the general court . . ." Paragraph (b) of article 100 likewise provides that they shall be chosen at the next regular general election following approval by the voters of the holding of a convention, or at such earlier time as the legislature may provide, "in the same manner and proportion as the representatives to the general court are chosen." The language common to both of these articles had its origin in the first permanent constitution of the State which took effect in June 1784. *See* XX State Papers 9, 30 (1891); N.H. Const. Conv. Manual 78, 94 (1918).

House bill 704 would add to RSA ch. 68-A provisions governing the manner of election of delegates. Since existing law governs the "proportion" in which delegates are to be chosen (RSA 68-A:3; RSA 66:3 (Supp. 1972)) your inquiry is restricted in essence to the constitutionality of the "manner" in which delegates would be "chosen" under the House bill in question.

As the analysis which accompanies the bill indicates, it provides for the election of delegates by nonpartisan ballot, rather than by the method by which representatives are now elected. *See* RSA 56:73-98. The latter method is not enshrined in the constitution. Part II, article 13 of the constitution provides as follows: "[Qualifications of Electors.] All persons, qualified to vote in the election of senators, shall be entitled to vote, within the district where they dwell, in the choice of representatives." Part II, article 28 specifies the persons qualified to vote in the election of senators, and part II, article 14 provides that members of the house shall be "chosen by ballot". The constitution contains no provision relating to the nomination of candidates for the office of representative, and none which prescribes the method by which the choice by ballot shall be exercised.

The first statute to provide for the election of delegates to a constitutional convention, following the effective date

of the constitution, reflects the contemporary interpretation of articles 99 and 100. That act, adopted June 16, 1791, was silent upon the manner of nomination of delegates, and provided simply that the selectmen should call together the voters of the several towns, parishes and places or districts in the State, and that after election of a moderator, "then the voters present, qualified as aforesaid, shall elect by ballot one or more delegates, as the case may be, to meet in said convention." 5 Laws of New Hampshire 764. If the action of "Concord Town" which followed is any criterion, examination of the record of its meeting in August 1791, indicates that the nomination of delegates then elected was from the floor of the town meeting. Concord Town Records, 1732-1820 (Concord, 1894).

Additionally it may be noted that the party system of nomination and election evolved in New Hampshire only after 1794, and that the primary system was first enacted in 1909 (Laws 1909, ch. 153), so that there is no reason to assume that present statutory procedures in the election of representatives were in anyway embodied in the constitutional provisions of articles 99 and 100.

We conclude that the answer to your question is governed by part II, article 5 of the constitution, vesting in the legislature "full power and authority . . . to make, ordain and establish, all manner of wholesome and reasonable laws . . . not repugnant or contrary to this constitution . . .." *Opinion of the Justices,* 111 N.H. 197, 279 A.2d 601 (1971). In our opinion the provisions of House bill 704 if enacted, would not violate any constitutional provision with respect to the choice of delegates. Under RSA ch. 68-A as proposed to be amended, delegates would be "chosen in the same manner, and proportioned, as the representatives to the general court". N.H. CONST. pt. II, art. 99. Our answer to your question is therefore "No".

April 24, 1973

Richard F. Upton for negative answer.